**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

LISA A. S.,[1]

                            Plaintiff,                5:21-cv-00078 (BKS/CFH)

v.

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,

                            Defendant.

_____

**Appearances:**

_For Plaintiff:_
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

_For Defendant:_
Carla B. Freedman, United States Attorney
Christine A. Saad, Special Assistant United States Attorney
Social Security Administration
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Lisa A. S. filed this action under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review

of a decision by the Commissioner of Social Security (the "Commissioner") finding that Plaintiff

was not disabled and was ineligible for the disability insurance and supplemental security

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

income benefits for which she applied. (Dkt. No. 1). This matter was referred to United States

Magistrate Judge Christian F. Hummel for a Report-Recommendation. (Dkt. No. 4); N.D.N.Y.

L.R. 72.3(d). On August 24, 2022, after reviewing the parties' briefs and the Administrative

Record,[2] (Dkt. Nos. 18, 27, 28), Magistrate Judge Hummel issued a Report-Recommendation

recommending that the Commissioner's decision be affirmed and that Plaintiff's complaint be

dismissed, (Dkt. No. 29). Plaintiff filed objections to the Report-Recommendation, and

Defendant responded. (Dkt. Nos. 30, 31). For the following reasons, the Court adopts the Report-

Recommendation and affirms the Commissioner's decision.

## II.    STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and

recommendations that have been properly preserved with a specific objection. *Petersen v.*

*Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper

objection is one that identifies the specific portions of the [Report and Recommendation] that the

objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl.*

*Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised

objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v.*

*KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and

recommendations as to which there was no properly preserved objection are reviewed for clear

error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to

engage the district court in a rehashing of the same arguments" set forth in the original

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 18), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451

(S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.   ANALYSIS

The parties have not raised any objections to the facts or the legal framework set forth in

the Report and Recommendation. (*See* Dkt. No. 29, at 2–7). The Court therefore adopts

Magistrate Judge Hummel's summary of the factual and procedural background and applicable

law and presumes familiarity with those matters for the purposes of this decision. The Court also

adopts those aspects of the Report and Recommendation to which neither party has raised a

specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

In the Report-Recommendation, Magistrate Judge Hummel found that: (1) although the

regulations require an ALJ to articulate how he or she considered a medical opinion, because the

neuropsychological report by Andy Lopez-Williams, Ph.D., did not offer a medical opinion, the

ALJ did not err in failing to articulate how he considered the report; (2) in any event, the ALJ

appropriately considered Dr. Lopez-Williams's report and resolved all conflicting evidence; and

(3) the ALJ did not err in failing to obtain the testimony of a vocational expert. (Dkt. No. 29, at

7–33).

Plaintiff objects to the Magistrate Judge's findings that: (1) Dr. Lopez-Williams's report

is not a medical opinion; and (2) the ALJ properly resolved the conflicting evidence. (Dkt. No.

30). On de novo review, the Court finds Plaintiff's objections are without merit.

### A.   Dr. Lopez-Williams's Report

Plaintiff argues that the Magistrate Judge erred in finding that Dr. Lopez-Williams's

report did not constitute a "medical opinion" within the meaning of the applicable regulations.

(Dkt. No. 30, at 1–4). The Social Security Administration has adopted new regulations for claims

filed on or after March 27, 2017, (as is the case here) regarding the evaluation of medical

evidence. *Compare* 20 C.F.R. §§ 404.1520c, 416.920c (noting applicability only to "claims filed on or after March 27, 2017"), *with* 20 C.F.R. §§ 404.1527, 416.927 (noting applicability only to "claims filed before March 27, 2017"). The new regulations define a "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the "ability to perform the physical," mental, and "other demands of work activities" as well as in the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2)(i)–(iv), 416.913(a)(2)(i)(A)–(D).

In contrast, the previous regulations, which apply to claims filed before March 27, 2017, define medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite your impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). The new regulations have removed "judgments about the nature and severity of your impairments" as well as "diagnosis" and "prognosis" from the definition of "medical opinions" and placed them in the definition of "other medical evidence." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

Under the new regulations, an ALJ is required "to articulate" "how persuasive [he or she] find[s]" each medical opinion and must "explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinion[]." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Other medical evidence" is not subject to this articulation requirement.

As the Magistrate Judge observed, Plaintiff cites seven statements from Dr. Lopez-Williams's report she contends constitute medical opinion evidence that the ALJ was required to, but failed, to analyze:

> (1) "[s]ignificant impairment in [Plaintiff's] fine motor precision and speed were evident in both her dominant and non-dominant hand[]"; (2) "performance with her dominant hand was significantly worse than with her non-dominant hand"; (3) "[s]he may have limited social skills, with particular difficulty interpreting the normal nuances of interpersonal behavior that provide the meaning to personal relationships[]"; (4) "[h]er thought process are likely to be marked by confusion, distractibility and difficulty concentrating[]'"; (5) "[w]orking relationships with others are likely to be very strained[]"; (6) "[t]he confluence of her physical symptoms and cognitive impairment create severe and broad impairment that would effectively preclude her in functioning adequately in any occupational environment[]"; and (7) "[s]he will likely need to attend numerous health appointments on a regular basis which further precludes her ability to be gainfully employed.

(Dkt. No. 29, at 8 (citing Dkt. No. 27, at 23)). The first and second statements, which address the impairment in Plaintiff's "fine motor precision and speed" and "performance with her dominant hand," (R. 1959), reflect Dr. Lopez-Williams's judgment about the nature and severity of Plaintiff's fine motor skills but do not specify what Plaintiff "can still do" despite the impairment in her fine motor skills. 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1); *see also* 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3) (describing "other medical evidence" as including "judgments about the nature and severity of your impairments"). Thus, as these statements are not medical opinions, the ALJ was not required to articulate "how persuasive" he found Dr. Lopez-Williams's statements regarding Plaintiff's fine motor skills, 20 C.F.R. §§ 404.1520c(b), 416.920c. The third, fourth, and fifth statements indicating that Plaintiff "may have limited social skills," is "likely" to experience "confusion, distractibility and difficulty concentrating" in her "thought processes, and is "likely" to have "strained[]" "working relationships with others" do not discuss Plaintiff's limitations with any specificity. (R. 1959). Nor do any of these statements indicate what Plaintiff "can still do" despite a "likely" impairment in her social skills, ability to concentrate, and ability to work with others. Thus, they do not qualify as medial opinions under

the new regulations. *See Michael H. v. Saul*, No. 20-cv-417, 2021 WL 2358257, at *6, 2021 U.S.

Dist. LEXIS 107852, at *14–15 (N.D.N.Y. June 9, 2021) (explaining that a statement regarding

the plaintiff's ability to perform the mental demands of work, including the plaintiff's "moderate

and persistent impairments" and "difficulty focusing on work tasks, and maintaining appropriate

behavioral and emotional stability in work relationships," was not a "medical opinion" because it

did not "address what Plaintiff is capable of doing in spite of his limitations" or "discuss[]

Plaintiff's limitations with any specificity"). The sixth and seventh statements, (R. 1960), address

whether Plaintiff is "able to perform regular or continuing work," and because such evidence is

"neither valuable nor persuasive" and concerns "issues reserved to the Commissioner," the ALJ

was not required to "provide any analysis about how [he] considered such evidence" in the

decision. 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i). Therefore, the Court finds, on de

novo review, that because Dr. Lopez-Williams's report did not contain a "medical opinion," as

defined in the applicable regulations, the ALJ was not required to evaluate the persuasiveness of

the report or articulate "how persuasive" he found the report. *See Michael H.*, 2021 WL

2358257, at *6, 2021 U.S. Dist. LEXIS 107852, at *16 (holding that because the medical

provider's statement was not a "medical opinion," the ALJ "did not have a duty to specifically

examine the persuasiveness of the examination note").

　　In her objections, Plaintiff asserts two additional arguments. First, Plaintiff argues that in

finding Dr. Lopez-Williams's report was not a medical opinion, the Magistrate Judge overlooked

her argument that the ALJ's reliance on Dr. Lopez-Williams's report at step three in finding that

Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace was "the

ALJ's own concession that the neuropsychological report . . . contains functional work-related

limitations" and that it was, therefore, a medical opinion. (Dkt. No. 27, at 22 (citing T. 18)). The

Court disagrees. At step three, in applying the "special technique" and "[r]ating the degree of functional limitation" in, as relevant here, the area of concentration, persistence, or maintaining pace, the ALJ was entitled to consider all "relevant evidence to obtain a longitudinal picture of [the] overall degree of functional limitation," including "available clinical signs and laboratory findings, [and] the effects of [an individual's] symptoms." 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1). Thus, the ALJ's notation that Plaintiff "exhibited impaired attention skills during a 2015 neuropsychological examination," (R. 18 (citing R. 1959)), in rating the severity of Plaintiff's limitation in the area of concentration, persistence, or maintaining pace, shows that the ALJ deemed Dr. Lopez-Williams's finding regarding Plaintiff's attention skills to be relevant evidence. 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1). Thus, Plaintiff's argument is without merit.

Second, Plaintiff argues that the "ALJ made no determination at all regarding whether or not the report of Dr. Lopez-Williams was a medical opinion that required evaluation." (Dkt. No. 30, at 2). Plaintiff is correct insofar as the ALJ's decision does not contain an express analysis of whether Dr. Lopez-Williams' report meets the definition of "medical opinion" set forth in the regulations. However, Plaintiff identifies no requirement in the regulations or elsewhere that the ALJ must articulate the determination of whether a medical source's report constitutes a "medical opinion" or is simply relevant medical evidence. Thus, Plaintiff's argument is unavailing.  Accordingly, upon de novo review, the Court finds the ALJ employed the proper legal standards in considering Dr. Lopez-Williams's report.

### B.    Resolution of Conflicting Evidence

Plaintiff also objects to the Report-Recommendation on the ground that the Magistrate Judge engaged in "post hoc rationalization of the evidence." (Dkt. No. 30, at 4–5). Plaintiff contends that the Magistrate Judge's discussion of the conflicts in the record between the more

severe findings contained in Dr. Lopez-Williams's report and Plaintiff's providers' medical opinions, and the "moderate, at most" findings in the consultative examiners' opinions, was a "post hoc rationalization of the evidence." (*Id.* at 5 (citing Dkt. No. 29, at 20–21)). Plaintiff argues that because the "ALJ did not resolve such inconsistency," (*id.*), the Magistrate Judge's analysis and "attempt[] to support the RFC with evidence that was not discussed, evaluated or utilized by the ALJ in her [sic] decision" constitutes post-hoc rationalization. (*Id.*).

"Genuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). Here, the ALJ specifically considered: the findings in Dr. Lopez-Williams's report, including his indication that Plaintiff had "some deficits in attention, processing speed, and motor functioning"; Plaintiff's treating sources' findings, including her treating physician's opinion that Plaintiff could "perform far less than the full range of sedentary tasks"; and the consultative examiners' findings that Plaintiff had "moderate, at most, physical and mental limitations." (R. 21). In finding that Plaintiff's treating sources' opinions of severe physical limitations, including their opinions that Plaintiff could only "occasionally" engage in handling and fingering, (R. 2617), and "rarely" use her hands and fingers to "grasp, turn, twist objects" and engage in "fine manipulations, (R. 2665), were "not persuasive" because they were not "well supported" and were inconsistent with the record, the ALJ explained that "*most* examinations since her alleged onset date" did not show deficits in "using her hands." (R. 21–22) (emphasis added). Moreover, the ALJ not only specifically contrasted Dr. Lopez-Williams's findings of "deficits in attention and processing speeds" with the consultative psychiatric examination, which "was normal apart from the claimant's subjective statement" concerning her "physical discomfort," but also found the opinions of the

consultative examiners that Plaintiff has "moderate, at most, . . . mental limitations" "persuasive." (R. 21).

The ALJ further found that  while the consultative examiners' opinions were persuasive because they were "consistent with the other evidence of record," Plaintiff's treating sources' opinions were "not persuasive" because they were "inconsistent with the claimant's longitudinal medical record . . . which are negative for any on-going acute distress, fatigue, and/or deficits in standing, walking, sitting, engaging in postural tasks, and/or using her hands." (*Id.*). Thus, as the ALJ was entitled to resolve conflicting medical evidence by considering the persuasiveness of the medical opinions and weighing the evidence in the record, the Court finds no legal error on de novo review.[3] *See, e.g.*, *Veino*, 312 F.3d at 588 (finding that where the "record plainly contained conflicting psychological evaluations of Veino's present condition . . . it was within the province of the ALJ to resolve that evidence" by considering the persuasiveness of the conflicting evaluations and whether they were supported by "relevant evidence" and testing); *Rachel G. v. Comm'r of Soc. Sec.*, No. 20-cv-01373, 2021 WL 4820640, at *4, 2021 U.S. Dist. LEXIS 199300, at *12–13 (W.D.N.Y. Oct. 15, 2021) ("[T]he mere fact that the ALJ found some portions of these opinions to be consistent with the evidence as a whole while others to be inconsistent is not error, rather a proper execution of the ALJ's duty to weigh all evidence and resolve conflicts."). Accordingly, even if the Report-Recommendation contained a post-hoc rationalization with respect to the ALJ's resolution of conflicting evidence, because the Court finds, on de novo review, that the ALJ properly considered and resolved the conflicts in the medical evidence, there is no basis for reversing the Commissioner's decision.

---

[3] Plaintiff does not argue that the ALJ's determinations and RFC finding are not supported by substantial evidence.

IV.     **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 29) is **ADOPTED**; and further it is

**ORDERED** that, for the reasons stated in the Report and Recommendation, as well as the reasons stated herein, the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated:  September 28, 2022
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

10